IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

July 17, 2025

LAURA A. AUSTIN, CLERK
BY  s/S. MELVIN
DEPUTY CLERK

Judson Rea Butler,                          )
*Administrator of the Estate of Marcia*     )
*Butler, deceased*,                         )
                                            )
                  Plaintiff,                )
                                            )
v.                                          )        Civil Action No. 3:25-cv-00031
                                            )
Clarks Americas, Inc.                       )
                                            )
                  and                       )
                                            )
C. & J. Clark America, Inc.,                )
                                            )
                  Defendants.               )

**MEMORANDUM OPINION**

Plaintiff Judson Rea Butler, acting as the Administrator of the Estate of Marcia Butler

("the Decedent"), brought this action against Defendants Clarks Americas, Inc. and C. & J.

Clark America, Inc. (collectively, "Clarks") for survival and wrongful death damages.  Butler

alleges that the Decedent was exposed to toxic chemicals from Clarks' shoes, which resulted

in sepsis and ultimately her death.

Butler originally filed suit in the Circuit Court for the City of Charlottesville, Virginia,

and Clarks subsequently removed the case to this court.  This matter is before the court on

Butler's motion to remand to state court (Dkt. 8).  Butler argues that the removal violated a

forum-selection clause in a tolling agreement between the parties.  For the reasons outlined

below, the court concludes that the forum-selection clause does not prohibit removal and, accordingly, will deny the motion to remand.

## I.    Background

Butler alleges that the Decedent suffered skin irritation and infection after wearing a pair of Clarks shoes that contained toxic dyes.  (Compl. ¶¶ 7–15 (Dkt. 1-3).)  The infection allegedly led to sepsis, the amputation of her toes, right foot, and lower right leg, and eventually her death on February 5, 2023.  (*Id.* ¶¶ 3, 15.)

On April 4, 2025, Butler filed a complaint against Clarks in the Circuit Court for the City of Charlottesville.  (Compl.)  On May 5, 2025, Clarks timely removed the case to this court based on diversity jurisdiction.[1]  (Notice of Removal (Dkt. 1).)  Clarks then answered the complaint on May 12, 2025.  (Defs.' Answer (Dkt. 7).)

Shortly thereafter, on May 15, 2025, Butler filed a motion to remand to state court. (Mot. to Remand (Dkt. 8).)  Butler agrees that the parties satisfy the requirements for diversity jurisdiction under 28 U.S.C. § 1332 and does not contest the timeliness of removal under 28 U.S.C. § 1446.  (Pl.'s Corrected Mem. in Supp. of Mot. to Remand at 2 (Dkt. 10) [hereinafter "Pl.'s Mem."].)  Instead, he asks the court to remand the case based on a forum-selection clause in a tolling agreement the parties signed in January 2025 to address potential claims arising from the Decedent's injuries and death.  (*Id.*; *see* Pl.'s Mem. Ex. 1 (Dkt. 10-1) [hereinafter "Tolling Agreement"].)

---

[1] The facts alleged support this court's exercise of diversity jurisdiction under 28 U.S.C. § 1332.  Butler is a resident of Culpeper County, Virginia.  (Compl. ¶ 2.)  Defendant C. & J. Clark America, Inc. is a corporation organized under the laws of Pennsylvania and maintains its principal place of business in Massachusetts.  (Defs.' Answer ¶ 4.)  Defendant Clarks Americas, Inc. is a corporation organized under the laws of Delaware and maintains its principal place of business in Massachusetts.  (*Id.*)  The amount in controversy exceeds $75,000.  (*See* Compl. at 13.)

The forum-selection clause in the agreement states:

> Venue. The Parties agree that if Claimant files a lawsuit in regard to the Claim, suit will be filed in a Circuit Court in the Commonwealth of Virginia where all or part of the cause of action arose (in a county or city where all or part of the alleged harmful effects took place), the United States District Court for the Western District of Virginia, or the United States District Court for the Eastern District of Virginia.

(Tolling Agreement ¶ 4.)  Butler argues that this provision granted him, as the "Claimant," a unilateral choice of venue.  (Pl.'s Mem. at 3–4.)  He also suggests that Clarks waived their right to removal by failing to expressly reserve that right in the forum-selection clause.  (*See id.* at 4–5.)  Clarks counters that the forum-selection clause does not prevent them from removing the case to this court.  (*See* Defs.' Opp'n to Pl.'s Mot. to Remand at 3–6 (Dkt. 12).)  They argue that the language of the clause plainly shows that "(1) the Western District of Virginia is a venue option that was agreed upon by the parties; (2) the parties did not agree to be limited to state court; and (3) Defendants did not waive their right of removal." (*Id.* at 1.)

## II.    Standard of Review

A defendant may remove a case from state court to federal court if the federal court could have exercised original jurisdiction over the case and the removing party meets certain procedural requirements.  *See* 28 U.S.C. §§ 1441, 1446.  After a defendant removes a case to federal court, the plaintiff may move to remand the case to state court within 30 days after the filing of the notice of removal.  28 U.S.C. § 1447(c).  Even when a case otherwise satisfies all jurisdictional and procedural requirements for removal, remand may be appropriate when the parties have agreed to a forum-selection clause that requires litigation in state court.  *See, e.g.*, *Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 673–74 (4th Cir. 2018); *IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007).

When moving to remand based on a forum-selection clause, "the plaintiff must bear the burden of demonstrating that the defendant waived its right to remove an otherwise removable case by agreeing to [the] forum-selection clause." *Bartels*, 880 F.3d at 681; *see NetTax, LLC v. Pollo W. Corp.*, No. 4:23-cv-00019, 2023 WL 5992808, at *1 (W.D. Va. Sept. 15, 2023). Federal courts generally enforce forum-selection clauses unless it would be unreasonable to do so. *See Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 649 (4th Cir. 2010) (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)).

### III.      Analysis

Butler argues that Clarks, by agreeing to the forum-selection clause, waived their right to remove a lawsuit Butler chose to file in state circuit court. The parties do not contest the validity of the clause; their dispute focuses solely on how to interpret it.

The parties' tolling agreement does not include a choice-of-law provision, so the court applies federal law when interpreting the forum-selection clause. *See Albemarle Corp.*, 628 F.3d at 650–51. A forum-selection clause restricts the forums where litigation can occur only if it is "mandatory rather than permissive." *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (4th Cir. 2018). "A mandatory clause requires litigation to occur in a specified forum," whereas "a permissive clause permits litigation to occur in a specified forum but does not bar litigation elsewhere." *Id.* A party's agreement to a permissive clause designating a state-court forum does "not constitute a waiver of [its] right to remove a case from state to federal court under 28 U.S.C. § 1441." *NetTax, LLC*, 2023 WL 5992808, at *2 (quoting 14D Charles Alan Wright & Arthur D. Miller, *Federal Practice and Procedure* § 3803.1 (4th ed. 2023)).

The court focuses on the specific language of a forum-selection clause to determine whether it is permissive or mandatory in nature. *See Albemarle Corp.*, 628 F.3d at 650–51. The inquiry turns on whether the clause contains language that "makes the designated forum *exclusive*." *Id.* (emphasis in original). A clause is permissive unless it includes "specific language of exclusion." *BAE*, 884 F.3d at 472 (quoting *Albemarle Corp.*, 628 F.3d at 651). In one case, for example, the Fourth Circuit held that a forum-selection clause that required litigation to proceed "exclusively in . . . the courts of the State of Virginia" precluded removal to federal court. *FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 754–55 (4th Cir. 2010) ("As federal courts are not courts 'of' the state of Virginia, the contract language at issue refers to sovereignty rather than geography and limits jurisdiction over the parties' dispute to state court."). In another case, the Fourth Circuit held that a clause specifying that a particular county "shall be the sole exclusive venue for any dispute between the parties" prohibited removal because there was no federal courthouse in the designated county. *Bartels*, 880 F.3d at 674–76.

Butler does not dispute that this court would have been a permissible forum in the first instance. After all, the forum-selection clause expressly names the U.S. District Court for the Western District of Virginia as one of the three designated forums. Rather, Butler argues that the clause gives him, as the "Claimant," the unilateral ability to choose a forum for the lawsuit. Because he chose to file in state circuit court, he contends that the agreement prohibits Clarks from changing the forum by removing to federal court. (*See* Pl.'s Mem. at 3–4.)

Butler's argument is unsupported by the plain language of the forum-selection clause. The clause states that "if Claimant files a lawsuit in regard to the Claim, suit will be filed in"

one of the designated courts. (Tolling Agreement ¶ 4.) The phrase "will be filed in" does limit the forums in which Butler could initiate his lawsuit. It does not, however, restrict Clarks from removing a case initially filed in a Virginia circuit court to one of the two designated federal district courts.[2] The clause contains no "language of exclusion" that waives Clarks' right to removal. *BAE*, 884 F.3d at 472. The directive that a suit "will be filed in" a designated court refers only to the initiation of the lawsuit; it does not indicate that a suit filed in a state circuit court must remain in that court through judgment. While the clause does not explicitly address removal, the fact that it names the U.S. District Court for the Western District of Virginia makes clear that the parties viewed this court as an acceptable forum.

The U.S. District Court for the Eastern District of Virginia has reached the same conclusion when interpreting a similar forum-selection clause, and its analysis is persuasive. *See ADC Builders, Inc. v. JRs@Tysons, LLC*, No. 1:20-cv-424, 2020 WL 13443614 (E.D. Va. June 19, 2020). In *ADC Builders,* the defendants removed a lawsuit originally filed in the Circuit Court for Fairfax County. *Id.* at *1. Following removal, the plaintiffs moved to remand. *Id.* They relied on a forum-selection clause that, in relevant part, stated:

> Any legal suit, action or other proceeding by one party to this Agreement against the other arising out of or relating to this Agreement shall be instituted only in either (a) the Fairfax Circuit Court, or (b) the United States District Court for the Eastern District of Virginia (except to the extent, if any, that such court does not have subject matter jurisdiction) . . . .

---

[2] The forum-selection clause does not clarify whether the geographic limitation that applies to state circuit courts—the requirement that Butler file "in a county or city where all or part of the alleged harmful effects took place"—also applies to the federal forums named in the clause. Even if it does, this court is a proper forum. The parties do not dispute that Butler complied with the forum-selection clause by filing in the Circuit Court for the City of Charlottesville, and this federal court sits within the City of Charlottesville.

*Id.* at *1–2 (emphasis omitted).  The plaintiffs argued that this language entitled them to their choice of venue and prohibited removal once they decided to file in state court.  *See id.* at *2. The district court rejected that argument, describing it as a "materially overbroad construction of the contract language." *Id.* at *3.  It noted that the agreement named the U.S. District Court for the Eastern District of Virginia as an acceptable forum, which eliminated "any doubt that the federal court [was] a valid, contemplated option." *See id.*  The court also reasoned that the plain meaning of the word "instituted" implied that a lawsuit must begin in one of the two enumerated courts but did not "indicate permanence or finality." *Id.* at *3–4.

The forum-selection clause in Butler and Clarks' tolling agreement, with its express reference to this court and use of the word "filed," shares the same key features.  Butler argues that the clause in *ADC Builders* is distinguishable because it did not give one party the unilateral right to choose a forum.  (Pl.'s Am. Mem. in Further Supp. of Mot. to Remand at 2 (Dkt. 14) [hereinafter "Pl.'s Reply"].)  He notes that it referred to actions "by one party to this Agreement against the other," *ADC Builders*, 2020 WL 13443614, at *1–2, while the forum-selection clause in this case focuses on a lawsuit "filed" by the "Claimant" (that is, Butler), (Tolling Agreement ¶ 4).  Again, however, the language requiring this case to be "filed in" certain forums does not prohibit Clarks from later removing the case to a federal court that the clause names as an acceptable forum.

Butler raises a few other arguments in support of his motion to remand, but none is persuasive.  First, he relies heavily on the Second Circuit's decision in *Karl Koch Erecting Co. v. N.Y. Convention Center Development Corp.*, 838 F.2d 656 (2d. Cir. 1988).  That decision addressed a very different forum-selection clause, and it provides little to no support for Butler's position.

The clause at issue in *Karl Koch* provided that "[no] action or proceeding shall be commenced by [Koch] against [NYCCDC] *except in the Supreme Court in the State of New York.*" *Id.* at 658 (emphasis added). That clause plainly designated the New York state court as the exclusive forum. The Second Circuit reasoned that the defendant's removal "constitute[d] the commencement of a 'proceeding' in federal court," which the parties had agreed to exclude as a forum. *Id.* at 659. Clarks' removal in this case does not run into the same issue, as the U.S. District Court for the Western District of Virginia is one of the courts expressly named in the parties' forum-selection clause.

Butler next argues that the forum-selection clause is ambiguous as to removability and asks the court to resolve that ambiguity in his favor. (Pl.'s Mem. at 5.) He emphasizes that federal courts have a duty to construe their removal jurisdiction strictly and must resolve any jurisdictional doubts in favor of remand. (*Id.*); *see Palisades Collections LLC v. Shorts*, 552 F.3d 327, 336 (4th Cir. 2008). But because the clause contains no language that expressly or implicitly waives Clarks' right to removal under 28 U.S.C. § 1441, the court finds that it unambiguously preserves that right.[3]

Finally, Butler appears to suggest that Clarks, by removing the case, is improperly objecting to the Charlottesville Circuit Court as an inconvenient forum. (*See* Pl.'s Mem. at 5.) In the context of a motion to transfer venue under 28 U.S.C. § 1404(a), the Supreme Court has held that a party who agrees to a forum-selection clause "waive[s] the right to challenge the preselected forum as inconvenient." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of*

---

[3] It is not entirely clear that the forum-selection clause in this case implicates the rule requiring federal courts to resolve doubts about their removal jurisdiction in favor of remand. Unlike some forum-selection clauses, the clause here contains no jurisdictional language. Instead, it is framed in terms of venue. (*See* Tolling Agreement ¶ 4.) Butler himself states that he is not questioning this court's jurisdiction. (*See* Pl.'s Reply at 2.)

*Tex.*, 571 U.S. 49, 64 (2013).  As Butler himself acknowledges, the § 1404(a) inquiry discussed

in *Atlantic Marine* is "vastly different" than the issue presented in this case.  (Pl.'s Mem. at 5).

The question here is simply whether Clarks waived their right to removal by agreeing to the

forum-selection clause, which expressly designated this court as an available forum.  They did

not.

## IV.    Conclusion

For the reasons discussed above, the court will **DENY** Butler's motion to remand to

state court (Dkt. 8).  An appropriate Order shall accompany this Memorandum Opinion.

**ENTERED** this 17th day of July, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE